Susan A. KHOURY, Plaintiff–
Appellant,

v.

Richard A. MESERVE, Chairman,
Nuclear Regulatory Commission,
Defendant–Appellee.

No. 03–1865.

United States Court of Appeals,
Fourth Circuit.

Submitted Nov. 12, 2003.

Decided Jan. 23, 2004.

Susan A. Khoury, Appellant Pro Se.
Thomas Michael DiBiagio, United States
Attorney, Ariana Wright Arnold, Office of
the United States Attorney, Baltimore,
Maryland, for Appellee.

Before LUTTIG and MICHAEL,
Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

## OPINION

PER CURIAM.

Susan Khoury appeals the district
court's order dismissing some claims and
granting summary judgment against her
on others in her gender and national origin
based discrimination and retaliation action.
Khoury alleged discriminatory denial of
promotion, denial of rights under griev-
ance procedures, discriminatory discharge,
hostile work environment, and retaliation
claims. We affirm.

This Court reviews de novo a district
court's grant of a motion to dismiss for
lack of subject matter jurisdiction under
Fed.R.Civ.P. 12(b)(1). *Columbia Gas
Transmission Corp. v. Drain,* 237 F.3d
366, 369 (4th Cir.2001). Before a plaintiff
has standing to file suit under Title VII,
she must exhaust her administrative reme-
dies by filing a charge with the Equal
Employment Opportunity Commission
(EEOC). *Bryant v. Bell Atlantic Mary-
land, Inc.,* 288 F.3d 124, 132 (4th Cir.2002).
The EEOC charge defines the scope of the
plaintiff's right to institute a civil suit. *Id.*
An administrative charge of discrimination
does not strictly limit a Title VII suit
which may follow; rather, the scope of the
civil action is confined only by the scope of
the administrative investigation that can
reasonably be expected to follow the
charge of discrimination. *Id.*

A federal employee who believes herself
to be aggrieved must initiate contact with
a counselor within forty-five days of the
date of the matter alleged to be discrimi-
natory or, in the case of personnel action,
within forty-five days of the effective date
of the action. 29 C.F.R. § 1614.105(a)
(July 12, 1999). A plaintiff's failure to
timely consult an EEO counselor requires
dismissal of her claims for failure to ex-
haust her administrative remedies. *See
Zografov v. Veteran's Admin. Med. Ctr.,*
779 F.2d 967, 968–69 (4th Cir.1985).
Courts strictly adhere to these time limits
and rarely allow equitable tolling of limita-
tions periods. *See Irwin v. Department of
Veterans Affairs,* 498 U.S. 89, 95–96, 111
S.Ct. 453, 112 L.Ed.2d 435 (1990).

We conclude that the district court did
not err when it dismissed Khoury's denial

of promotion, denial of rights under grievance procedures, and gender and national origin based termination claims for failure to exhaust administrative remedies.

This Court reviews a grant of summary judgment de novo. *Higgins v. E.I. Du-Pont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir.1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This Court must view the factual evidence, and all justifiable inferences drawn therefrom, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

We conclude that viewing the evidence in a light most favorable to Khoury, the Government is entitled to summary judgment on Khoury's hostile work environment and retaliation claims as a matter of law. We also conclude that the district court did not err when it denied further discovery on Khoury's retaliation claim. Finally, Khoury has waived her claim that the EEOC erred when it failed to rule on her formal charge within 180 days because she did not assert it before the district court. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir.1993).

Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*